**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4587**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DANIEL ROY MACE,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  John T. Copenhaver, Jr., Senior District Judge.  (2:18-cr-00219-1)

Submitted:  June 28, 2021                    Decided:  July 14, 2021

Before GREGORY, Chief Judge, NIEMEYER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Scott C. Brown, SCOTT C. BROWN LAW OFFICE, Wheeling, West Virginia, for Appellant.  Jennifer Rada Herrald, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Roy Mace appeals his convictions, following a jury trial, of 12 counts of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2), (b)(1), and one count each of distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2), (b)(1), possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), and witness tampering, in violation of 18 U.S.C. § 1512(b)(1).  Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court erred by denying Mace's motion to sever the witness tampering charge.  Although notified of his right to do so, Mace has not filed a pro se supplemental brief.  We affirm.

The joinder of multiple offenses is proper under Fed. R. Crim. P. 8(a) if the "offenses . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." *United States v. Cannady*, 924 F.3d 94, 102 (4th Cir. 2019) (internal quotation marks omitted).  "[W]e have interpreted the latter two prongs of this rule flexibly, requiring that the joined offenses have a logical relationship to one another." *United States v. Mouzone*, 687 F.3d 207, 219 (4th Cir. 2012) (internal quotation marks omitted).  In other words, "Rule 8 permits very broad joinder at the pleading stage." *Cannady*, 924 F.3d at 102 (alterations and internal quotation marks omitted).  Joinder was proper in this case because the witness tampering charge bore a logical relationship to the child pornography charges.

Even if offenses are properly joined, however, severance is appropriate if the defendant establishes that he would be prejudiced by the joinder.  *See* Fed. R. Crim. P.

14(a). A defendant moving to sever counts in an indictment "bears the burden of demonstrating a strong showing of prejudice." *United States v. Campbell*, 963 F.3d 309, 318-19 (4th Cir.) (internal quotation marks omitted), *cert. denied*, 141 S. Ct. 927 (2020). Accordingly, a district court should grant a severance motion "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Qazah*, 810 F.3d 879, 891 (4th Cir. 2015). We review a district court's denial of a pretrial motion to sever for abuse of discretion. *United States v. Zelaya*, 908 F.3d 920, 929 (4th Cir. 2018).

The district court did not abuse its discretion in denying Mace's motion to sever. Rather than demonstrate a "strong showing of prejudice," Mace merely stated that he might have wished to testify as to the witness tampering count but not the other counts. He never informed the court to what he would have testified or how that testimony would have been important. *See United States v. Monteiro*, 871 F.3d 99, 108 (1st Cir. 2017) (holding that, to merit severance based on desire to give limited testimony, "a defendant must make a convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other" (internal quotation marks omitted)). Accordingly, Mace failed to carry his burden to justify severance.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Mace, in writing, of the right to petition the Supreme Court of the United States for further review. If Mace requests that counsel file

3

such a petition, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that counsel served a copy thereof on Mace.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*